(No. 5559 ▬▬▬▬▬

Sarah M. Crawford, Claimant, *vs*. State of Illinois, Respondent.

*Opinion filed April 12, 1972.*

Roberts and Kepner, Attorney for Claimant.

William J. Scott, Attorney General; Lee W. Martin and William E. Webber, Assistant Attorneys General, for Respondent.

Holderman, J.

Claimant, Sarah M. Crawford, brings this action to recover for personal injuries which she suffered on February 3, 1967.

Mrs. Crawford, a widow and sixty-three years of age,

lives in East Peoria, Illinois, on 1112 Meadow Street, which is also State Route 150.

There are no sidewalks in this particular area and the claimant, who worked at a Fannie Mae Candy Shop in Peoria, was in the habit of catching a bus in front of her home in the morning to go to work.

She would use her driveway to get to the roadway and then walk to the bus stop which was a short distance away.

It is her contention that the State Highway Department, in removing the snow from the highway, piled up snow on her driveway and upon which rain had later fallen causing it to become very slippery and, in attempting to walk over this ridge of snow and ice, she slipped and fell, fracturing her right ankle.

She was confined to the hospital for some period of time and was off work for several weeks.

On January 26th and January 27th approximately ten inches of snow fell and from January 27th to January 29th there were strong winds which caused the snow to drift. On February 2nd and February 3rd there was five more inches of snow with some rain.

The record discloses that the State snow plow had pushed snow onto the driveway in question as it endeavored to keep Route 150 open for the traveling public on several different occasions.

The records show that on at least three occasions, a path was cut through the snow piled on the driveway so that Mrs. Crawford could get to the road and catch her bus. On at least one of these occasions, Mrs. Crawford cleared the driveway herself, in one instance, a neighbor cleared it for her, and her grandson and a neighbor boy made a path on one other occasion.

On the morning in question, she stated that she had not cleared it because she was going to work and when she endeavored to cross the ridge of snow, which was approximately knee deep and was somewhat icy due to the rain that had fallen previously, she slipped and fell causing the damage complained of.

Claimant maintains that it was the duty of the State to keep this driveway open so that she would have a means of getting to the road and catching her bus.

It is the State's contention that it is not the responsibility of the State to remove the snow from individuals' driveways and the only way possible to keep the State highway open is to plow the accumulated snow on the roadway onto the shoulders; otherwise, there is no other place for the snow to be placed.

Claimant also allows that in view of the fact that some of this snow had accumulated for several days at the place where the accident took place, even though there is evidence of repeated falling of snow and some rain, it is still the duty of the State to maintain each driveway in a condition that is safe to be used by pedestrians.

There is a great deal of law in this State on the liability of the municipalities, particularly in cities and villages, when accidents of this nature take place.

One of the leading cases where the State of Illinois was involved is the case found in 23 C.C.R. on page 172. In this particular case, the claimant fell and sustained injuries while on the shoulder of State Route 40. The actual fall evidently was caused by the claimant stepping into a depression or hole which was 2½ to 3 feet in diameter and from 2 to 2½ inches deep. The question was argued in this case as to what the liability of the State is in maintaining the shoulders of the road in such condition that they are safe for pedestrians and people using the State right-of-way and it

was determined that the State is not an insuror of all persons injured on its rights-of-way.

Claimant contends that it was the duty of the State to maintain the open driveway, particularly in view of the fact that this accident happened some six days after the original snowstorm and it is suggested that the State had a duty, at intervals, to open paths or maintain breaks so that people could get to the street despite the fact that there were not any sidewalks or intersections involved in this particular accident.

Claimant takes the position that it apparently is the duty of the State, even in situations such as this where there are no sidewalks or intersections, to keep open the private driveways so the street can be reached.

To do this would place an impossible burden upon the State because the crews would be so busy opening up private driveways, they would have little or no time left for keeping the road itself open for the benefit of the traveling public.

Claimant knew the condition that existed and had cleared the area on at least three separate occasions for her own use but still failed to do so on the morning in question even though she knew she was going to take the bus and knew the condition of the driveway.

It would be difficult to find her free from contributory negligence in going in to a place that was as dangerous as she claims it was and there is nothing in the record to show why, on that morning in question, a small path could not have been cleared by her before attempting to get to the street.

We are denying this claim for the reason that to place the burden upon respondent, which claimant is now contending in this particular area, would be placing a burden upon it, which the law does not contemplate.

The burden of maintaining an "open driveway" which claimant seeks to place upon the State is not a responsibility imposed by law. We do not believe that claimant has established the proof necessary to justify recovery.

For the reasons above stated, the claim is hereby denied.